UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEROY STEPHENS and CAROLYN
STEPHENS, individually and as assignee
of Jackline Hamilton F/K/A Jackline
Brewer

    Plaintiffs,

v.                                                    Case No:  5:12-CV-442-Oc-UAMHPRL

DAIRYLAND INSURANCE COMPANY

    Defendant.
_____

### ORDER

Plaintiffs, as the judgment creditors of and under an assignment from Jackline Hamilton f/k/a Jackline Brewer, have sued Defendant asserting that Defendant acted in bad faith. This cause is currently before the Court on Defendant's Motion to Compel Better Answers to Defendant's Interrogatories (Doc. 22) and Defendant's Motions to Strike (Docs. 32-33). On April 22, 2013, the Court held a hearing on these motions and deferred ruling on the motions at that time.[1]

### I. DISCUSSION

*Defendant's Motion to Compel Better Answers to Defendant's Interrogatories (Doc. 22)*

In Defendant's motion, Defendant argues that Plaintiff improperly objected to five of Defendant's interrogatories and failed to provide proper explanations for their objections. Interrogatories 3-5, 7, and 9, are specifically at issue. With respect to interrogatories 4, 5, and 7, at the hearing, Plaintiff agreed to provide the requested information to Plaintiff. If Plaintiff has

---

[1] The Court also heard argument on additional pending discovery motions (Docs. 20, 23-25), and orders will be entered separately.

not done so already, Plaintiff shall provide the requested information to Defendant on or before **May 6, 2013.**

The Court will now address interrogatories 3 and 9. In interrogatory 3, Defendant asks Plaintiffs to provide the dates of representation for each attorney or law firm that represented Plaintiffs in the underlying lawsuit. Plaintiffs contend, however, that disclosure of this information violates the attorney-client privilege.

The attorney-client privilege protects communications between a client and his attorney made in confidence for the purpose of securing legal advice or assistance. *S.E.C. v. Dowdell*, 2006 WL 3876294, at *3 (M.D. Fla. May 15, 2006) (citing *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994)). In federal diversity actions, as here, Florida law governs the application of the attorney-client privilege. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 696 (S.D. Fla. 2007). In Florida, communications between a lawyer and a client are "confidential" and, barring exception, not subject to disclosure. Fla. Stat. § 90.502. The party claiming the attorney-client privilege has the burden of establishing it. *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994).

Here, Plaintiff has the burden to establish the applicability of the attorney-client privilege, which it has not done. Specifically, while Plaintiffs say that the timing of the formation of the attorney-client relationship *can* implicate attorney-client communications, it does not appear, nor have Plaintiffs alleged, that revealing the dates of representation will reveal any protected attorney-client communications. Moreover, Plaintiffs state, at least with regard to one law firm, that Defendants "can surmise" approximately when this attorney began representing Plaintiffs. Plaintiffs have not, however, established that the attorney-client privilege applies to the dates of

representation in this case. Thus, on or before **May 6, 2013**, Plaintiffs shall provide to Defendant the dates that each attorney or law firm represented Plaintiffs in the underlying action.

Next, in interrogatory 9, Defendant asks Plaintiffs to state whether Plaintiffs have ever been a party, either as a plaintiff or a defendant, in a lawsuit other than the present matter (or the underlying litigation), and, if so, to state whether Plaintiffs were the plaintiffs or the defendants, the nature of the action, and the date and court in which such suit was filed. Plaintiffs contend, however, that disclosure of this information is irrelevant.

Although this may be a "standard" interrogatory, that does not mean that Plaintiffs' litigation history is relevant to this case. In this action, Plaintiffs have sued Defendant for allegedly acting in bad faith. There is no showing that a list of "all" lawsuits of any kind or nature has any bearing on the issue(s) in this case. Accordingly, Plaintiffs' objection is sustained, and Defendant's motion is **denied** in this regard.

*Defendant's Motions to Strike (Docs. 32)*

Defendant moves to strike footnote 2 of Plaintiffs' Response to Defendant's Motion to Quash/Modify Subpoena (Doc. 30). Footnote 2 of Plaintiff's response states:

> Dairyland has not filed any formal objection to the subpoena but is instead engaging in *ex parte* communications with third-party attorneys (both Mr. Nicholson and Mr. Miller), either advising them not to comply with the subpoena or creating an improper oppressive atmosphere in which those attorneys – who should have the knowledge and capacity to comply with the subpoena – feel obligated to resist these valid requests.

Defendant argues that it did file an objection to the subpoena by way of the Motion to Quash (Doc. 24), that it did not advise Mr. Nicholson or Mr. Miller to refrain from complying with the subpoena, and that Plaintiff's statement is otherwise unsupported by the record.

While the footnote contains strong allegations, the Court has reviewed the record and finds that striking this footnote is unnecessary. Accordingly, Defendant's Motion (Doc. 30) is due to be **denied**.

*Defendant's Motion to Strike (Doc. 33)*

Defendant moves to strike footnote 2 of Plaintiff's Response to Defendant's Motion to Quash/Modify Subpoena (Doc. 29). Footnote 2 of Plaintiff's response states:

> It has become apparent that the extension was requested by Goodis, Thompson & Miller at Dairyland's urging, so that the insurer could attempt to bootstrap its Motion to Quash on to the extended deadline for compliance with the subpoena. Dairyland attaches to its Motion several e-mail exchanges to which it was not a party, and which it obviously obtained from Goodis, Thompson & Miller. Dairyland has not filed any formal objection to the subpoena but is instead engaging in ex parte communications with third-party attorneys (both Nicholson and Miller), either advising them not to comply with the subpoena or creating an improper oppressive atmosphere in which those attorneys – who should have the knowledge and capacity to comply with the subpoena – feel obligated to resist these valid requests.

Defendant argues that it did file an objection to the subpoena by way of the Motion to Quash (Doc. 25), that it did not advise Mr. Nicholson or Mr. Miller to refrain from complying with the subpoena, and that Plaintiff's statement is otherwise unsupported by the record.

While this footnote also contains strong allegations, the Court has reviewed the record and finds that striking this footnote is also unnecessary. Accordingly, Defendant's Motion (Doc. 30) is due to be **denied**.

## II. CONCLUSION

Based on the foregoing, Defendant's Motion to Compel Better Answers to Defendant's Interrogatories (Doc. 22) is **GRANTED IN PART and DENIED IN PART** as set forth herein. In addition, Defendant's Motions to Strike (Docs. 32-33) are **DENIED**.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on April 30, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record