UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LEROY STEPHENS and CAROLYN STEPHENS, individually and as assignee of Jackline Hamilton F/K/A Jackline Brewer**

    **Plaintiffs,**

v.                                                     Case No: 5:12-CV-442-Oc-UAMHPRL

**DAIRYLAND INSURANCE COMPANY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiffs – as judgment creditors of, and under an assignment from, Ms. Jackline Hamilton – bring this common law bad faith action against Ms. Hamilton's insurer, Dairyland Insurance Company, for its handling of Leroy Stephens' state claims against Ms. Hamilton, including a bodily injury claim that was not expressly covered by the underlying insurance policy. As such, Defendant seeks dismissal (Doc. 7), to which Plaintiffs have responded (Doc. 12). On referral (Doc. 44), I recommend that Defendant's motion be **GRANTED**.

### I. BACKGROUND[2]

This action arises out of an automobile accident between Defendant's insured, Ms. Hamilton, and Mr. Stephens. The Stephens', husband and wife, sued Ms. Hamilton in state court to recover for property damages, bodily injury, and loss of consortium. Ultimately, the Stephens' and Ms. Hamilton entered into a settlement and assignment agreement, wherein Ms.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] The "facts" in this section are taken from Plaintiff's Amended Complaint. (Doc. 4).

Hamilton agreed to pay the Stephens' $7,326.15 for property damages and $1,992,673.85 for bodily injury damages and loss of consortium. In the agreement, Ms. Hamilton also assigned to the Stephens' any bad faith claim that she may have had against Defendant.

Ms. Hamilton maintained an insurance policy with Defendant, which provided $10,000 in coverage for property damage, but no coverage for bodily injury. Per the terms of the insurance policy, Defendant indemnified Ms. Hamilton with regard to the property damage amount and paid the Stephens' $7,326.15.

Plaintiffs now sue Defendant for common law bad faith, claiming that Defendant had a duty to settle a claim that is clearly not covered by the insurance policy – to wit, the bodily injury claim. In its motion Defendant argues that (1) Plaintiffs cannot state a claim because bodily injury is not covered by the insurance policy and (2) there is no excess judgment because Plaintiffs settled their property damage claim (the only covered claim) for less than the amount covered by the insurance policy (i.e., $10,000). The Court agrees with Defendant.

## II. STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of

the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951-52).

### III. DISCUSSION

As a general matter, when an insurance company is handling claims against its insured, it "has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Perera v. United States Fidelity and Guaranty Co.*, 35 So. 3d 893, 898 (Fla. 2010) (citations omitted). "This duty includes an obligation to settle 'where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.'" *Perera*, 35 So. 3d at 898 (citing *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980)). A breach of this duty may give rise to a cause of action for bad faith against the insurer. *Perera*, 35 So. 3d at 898. Indeed, as the courts have recognized:

> [t]he essence of a 'bad faith' insurance suit . . . is that the insurer breached its duty to its inured by failing to properly or promptly defend the claim (which may

Case 5:12-cv-00442-MMH-PRL   Document 47   Filed 05/30/13   Page 4 of 8 PageID 748

>   encompass its failure to make a good faith offer of settlement within the policy limits) - all of which results in the insured being exposed to an excess judgment.

*Fidelity & Casualty Co. of New York v. Cope*, 462 So. 2d 459, 460 (Fla. 1985) (quoting *Kelly v. Williams*, 411 So. 2d 902, 904 (Fla. App. Ct. 1982)).

Florida law, however, is clear that "liability of an insurer depends upon whether the insured's claim is within the coverage of the policy." *Calhoon v. Leader Specialty Ins. Co.*, 2007 WL 4098840, at *3 (M.D. Fla. Nov. 15, 2007) (citing *Spencer v. Assurance Co. of Am.*, 39 F.3d 1146, 1149 (11th Cir. 1994)) (citations omitted). Consequently, a determination of coverage "is a condition precedent to any recovery against an insurer." *Id.* Thus, the Court must first determine the existence of coverage "before an action for bad faith may proceed." *Hartford Ins. Co. v. Mainstream Const. Group, Inc.*, 864 So. 2d 1270, 1272 (Fla. App. Ct. 2004) (citing *Blanchard v. State Farm Mut. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)).

Indeed, without coverage, a bad faith claim cannot proceed. *See e.g. Solar Time, Ltd. V. XL Specialty Ins. Co.*, 142 F. App'x 430, 434 (11th Cir. 2005) (applying Florida law and finding that "the magistrate judge properly did not reach the issue of bad faith after determining that no coverage existed."); *Gen. Star Indem. Co. v. Anheuser-Busch Cos., Inc.*, 741 So. 2d 1259, 1261 (Fla. App. Ct. 1999) (finding that coverage and liability issues must be determined before a bad faith cause can proceed). And, without coverage there is no fiduciary obligation. *General Accident Fire & Life Ins. Co. Corp., Ltd v. Boudreau*, 658 So. 2d 1006, 1007 (Fla. App. Ct. 1994). Thus, if a claim is not covered by the insurance policy, an insurer could not have acted in bad faith in refusing to settle a non-covered claim. *Hartford Ins. Co.*, 864 So. 2d at 1272 (finding that "If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim.").

- 4 -

Here, there is no dispute that the insurance policy did not provide coverage for bodily injury. Indeed, Plaintiffs "agree that the [p]olicy only expressly covers property damage." (Doc. 12, at 5). And, as Defendant correctly points out, the declaration page of the insurance policy unequivocally establishes that the policy does not provide bodily injury coverage.[3] (Doc. 7, at 10; Doc. 7-1, at 4). Without the existence of coverage, as is the case here, a claim for bad faith *generally* cannot exist.

Now, there are cases that suggest that despite the lack of express coverage, an insurance company may owe its insured a duty of good faith with respect to a non-covered claim where it expressly undertakes such a duty or where circumstances (though they are not explicitly delineated in the cases) create it. *See, e.g., Ging v. American Liberty Ins. Co.*, 423 F.2d 115, 120-21 (5th Cir. 1970); *Calhoon*, 2007 WL 4098840, at *4 (noting that while Florida law expressly states that liability of an insurer depends on whether a claim is within the coverage of the policy, an insurer may owe a duty to settle even without coverage if it undertook such a duty or the circumstances created such a duty). In *Ging*, for example, the court broadly stated that "once having undertaken the defense of a non-covered claim, the insurance company is under an obligation to act in good faith towards its insured *to the entire extent of its undertaking*." 423 F.2d 115, 120-21 (Emphasis added). For purposes of applying *Ging* to a subsequent case (such

---

[3] The Court may consider a "document outside of the four corners of the complaint . . . if the document is central to the [p]laintiff's claims and is undisputed in terms of authenticity." *Federal Ins. Co. v. Brunswick Family Boat, Co., Inc.*, 2007 WL 3286846, at *2 (M.D. Fla. 2007) (citing *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). The Court may also consider a document "incorporated by reference into a complaint if the document is central to the plaintiff's claims, the documents' contents are alleged in the complaint, and no party questions those contents." *Federal Ins. Co.*, 2007 WL 3286846, at *2 (citing *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)). Here, Plaintiff discusses the insurance policy and references the terms of the policy in the Amended Complaint and the parties do not dispute the coverage of the policy; thus, the Court may consider the policy without converting Defendant's motion to dismiss into one for summary judgment.

as this one), it is critical to understand the extent of the undertaking in order to determine the extent of the duty.

Here, Plaintiffs' own allegations undermine the relief they seek for a non-covered claim insofar as they state, in Paragraph 7, that "[u]nder the terms of the Policy and the obligations placed on it by Florida law, Dairyland was required to defend and indemnify all *covered claims* against Ms. Hamilton within the *limits of the policy*." (Emphasis added.) Of course, as is already agreed, the policy did not cover bodily injury claims. And, as the policy itself shows, the limits of the policy were $10,000. Thus, as an initial matter, the bodily injury claim itself is not covered and, as a subsequent matter, since a settlement was reached for the covered claim (i.e., the property damage claim) within the policy limits (i.e., $10,000), it appears that no bad faith claim can lie. *See, e.g., Shuster v. South Broward Hosp. Dist. Physicians' Prof'l Liability Ins. Trust*, 591 So. 2d 174, 177-78 (Fla. 1992) (finding that a common law cause of action for bad faith cannot lie when the insurer has settled the covered claim for an amount within the coverage limits of the insurance policy).

If a further obligation was undertaken by the insurance company with respect to the non-covered claim, no such allegations – or at least no sufficient allegations – are present in the complaint. The complaint recites general legal propositions and makes conclusory statements concerning the Defendant's obligations as to the underlying litigation (e.g., it had a duty to make all decisions regarding the handling and settlement of the Stephens' claim in good faith; a duty to initiate settlement with regard to the Stephens' claim; a duty to protect Ms. Hamilton; and a duty to settle *within policy limits* when it "could and should have done so")[4], but draws no distinctions between the covered and non-covered claims, and sets forth no facts to support a showing that

---

[4] See Paragraphs 25-28 of the Amended Complaint.

the insurance company undertook any duty asserted in the complaint with regard to the non-covered claim.

In addition to these shortcomings regarding the duty of the Defendant, the complaint is also deficient with respect to its underlying breach – i.e., the Defendant's alleged failure to settle.[5] While a duty to engage in settlement negotiations applies "[w]here liability is clear, and injuries so serious that a judgment in excess of the policy limits is likely," and while "bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause," *see Geico General Ins. Co. v. McDonald*, 315 F. App'x 181, 184 (11th Cir. 2008) (citing *Powell v. Prudential*, 584 So. 2d 12, 14 (Fla. App. Ct. 1991)), there are no allegations to suggest that there was a willful or unreasonable delay in settlement negotiations (assuming there was even a duty to negotiate the non-covered claim). The only allegations that Plaintiffs provide are that Defendant "waited over a year before initiating settlement negotiations" and that it "failed to settle" when "it could and should have." (Doc. 4, at ¶¶ 13, 27, 29). But these are mere conclusory allegations: Plaintiffs, for example, do not allege any facts to support the "could" or "should" of their assertions.[6]

Accordingly, because the insurance policy excludes bodily injury coverage, Plaintiffs fail to allege facts showing that Defendant owed a duty to otherwise settle non-covered claims, and

---

[5] See Paragraph 29 of the Amended Complaint which reads: "Dairyland breached the Policy and the above-detailed duties to Ms. Hamilton by failing to settle with Mr. and Mrs. Stephens within the Policy limits when it could and should have done so."

[6] While Plaintiffs rely on *Allstate Indem. Co. v. Oser*, 893 So. 2d 675, 677 (Fla. App. Ct. 2005), to support an insurance company's duty to settle an uncovered claim, in *Oser* it appears that the insurance company had an opportunity to settle both the covered and non-covered claims, but instead settled only the covered property damage claim for the amount it could have settled *all* of the claims, leaving the insured open to a judgment on the unsettled claim. Here, Plaintiffs may have such facts to allege, but they have not alleged them. Instead, they baldy assert that the Defendant could and should have settled with the Stephens'. Without more, these assertions are simply insufficient. They are a mere recital of the law. *Bell Atl. Corp.*, 550 U.S. at 555 (noting that a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do").

Plaintiffs fail to allege sufficient facts to show a breach of such a duty, the Defendant's motion to dismiss is due to be granted.

## IV. R<small>ECOMMENDATION</small>

Based on the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion (Doc. 7) be **GRANTED** in all respects with leave to amend.

**IN CHAMBERS** in Ocala, Florida on May 30, 2013.

*[signature]*

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    The Honorable Marcia Morales Howard
    Counsel of Record